## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**TARA HUTCHISON,** individually,

          **Plaintiff,**              **Civil Action No.: 1:22-cv-01123**

**v.**

                       **JURY TRIAL DEMANDED**

**JAGUAR LAND ROVER NORTH**
**AMERICA, LLC; AUTOLIV, INC.;**
**KEY SAFETY SYSTEMS, INC. D/B/A**
**JOYSON SAFETY SYSTEMS; and**
**VEONEER US, INC.**

          **Defendants.**

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Tara Hutchison ("Plaintiff"), individually, brings this Complaint against Jaguar Land Rover North America, LLC ("JLRNA"), Autoliv, Inc. ("Autoliv"), Key Safety Systems, Inc. d/b/a Joyson Safety Systems ("Joyson"), and Veoneer US, Inc. ("Veoneer") (collectively "Defendants"), and alleges as follows, based upon her own personal knowledge, and upon information and belief, including investigation conducted by her attorneys:

### I.     INTRODUCTION

1.     This action concerns defective a seat belt, airbags, and airbag sensors on the 2020 Land Rover Range Rover SV ("Range Rover"), in which Plaintiff was riding as a seat-belted front seat passenger, each of which are a critical safety feature of any motor vehicle.

2.      On or around January 14, 2022, Plaintiff was a front seat seat-belted passenger of the Range Rover that was involved in a one-car collision that occurred when the driver failed to maintain control of the vehicle. Although the impact itself was survivable, Plaintiff suffered severe injuries causing her to be airlifted to a trauma center because the occupant restraint system of the Range Rover catastrophically failed her.

3.      The Range Rover was equipped with front airbags, but the front airbags failed to deploy, even though they should have.

4.      The Range Rover was also equipped with a seat belt, which Plaintiff was properly using, but the seat belt, though buckled properly, was useless because it failed to lock and/or restrain her upon impact causing her to suffer serious injuries.

5.      Because of these defects, Plaintiff's head and body slammed into the front and sides of the vehicle causing numerous and severe injuries.

6.      Each Defendant played a role in the manufacturing of the Range Rover:

    i.    Defendant JLRNA marketed, designed, and manufactured the vehicle;

    ii.   Defendant Joyson designed and manufactured the front airbag component;

    iii.  Defendant Veoneer designed and manufactured the front airbag restraint control system component; and

    iv.   Defendant Autoliv designed and manufactured the seatbelt component.

7.      The defective nature of the Range Rover is not surprising to Defendants.

8. For example, in February 2022, Defendant JLRNA had to recall 18,824 vehicles for a faulty air bag system on the 2020 model year Range Rover Evoque.[1]

9. Additionally, Defendant JLRNA had vehicles recalled in the Takata airbag saga.[2] Takata was purchased by Defendant Joyson.

10. But there is more, in August 2022, Defendant JLRNA recalled 4,927 SUVs whose seat belts may not tighten properly in an accident, which increases risk of injury.[3]

11. Defendant Autoliv, which is a component manufacturer of the 2020 Range Rover SV at issue in this action, also recently was in the center of a seat belt recall that affected over 266,000 vehicles across different manufacturers.[4] Defendant Veoneer is a spinoff of Defendant Autoliv's electronics and automated driving divisions.

12. Plaintiff brings this products liability action because Plaintiff acted reasonably by using the seatbelt in the front seat of the Range Rover, but unfortunately for Plaintiff, the Range Rover was designed in an unsafe manner and was not crashworthy, and as a result she was profoundly injured when a foreseeable collision occurred.

---

[1] https://www.motorsafety.org/jaguar-land-rover-recalls-vehicles-with-faulty-airbag-system/#:~:text=Mahwah%2C%20NJ%20%E2%80%93%20February%2026%2C,Rover%20Range%20Rover%20Evoque%20SUVs.
[2] https://www.landrover.com.au/experiences/news/recall.html
[3] https://www.motorsafety.org/jaguar-recalls-suvs-with-malfunctioning-seat-belts/
[4] https://www.nhtsa.gov/equipment-detail/AUTOLIV/SEAT%252520BELT%252520ASSEMBLY/a__4839754#recalls

## II.    VENUE AND JURISDICTION

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists amongst the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.    The Court has personal jurisdiction over Defendant JLRNA because JLRNA has continuous and systematic contacts in Texas, and through its authorized distributors sold the Range Rover in Texas.

15.    The Court has personal jurisdiction over Defendant Autoliv because Autoliv has continuous and systematic contacts in Texas because it enters into business deals to provide the seatbelts for the Range Rover sold in Texas, in addition to providing seatbelts for other vehicle manufactures who sell their vehicles in Texas. Autoliv reasonably knows and, prior to the event, had reason to know that its product would end up in the stream of commerce in Texas. For example, Autoliv reasonably knows that JLRNA has authorized distributors to sell the Range Rover in Texas.

16.    The Court has personal jurisdiction over Defendant Veoneer because Veoneer has continuous and systematic contacts in Texas because it enters into business deals to provide the airbag restraint control system for the Range Rover sold in Texas, in addition to providing the airbag restraint control system for other vehicle manufacturers who sell their vehicles in Texas. Veoneer reasonably knows and, prior to the event, had reason to know that its product would end up in the stream of commerce in Texas. For example, Veoneer reasonably knows that JLRNA has authorized distributors to sell the Range Rover in Texas.

17.    The Court has personal jurisdiction has personal jurisdiction over Defendant Joyson because Joyson has continuous and systematic contacts in Texas

because it enters into business deals to provide the airbag restraint control system for the Range Rover sold in Texas, in addition to providing airbags for other vehicle manufactures who sell their vehicles in Texas. Joyson reasonably knows and, prior to the event, had reason to know that its product would end up in the stream of commerce in Texas. For example, Joyson reasonably knows that JLRNA has authorized distributors to sell the Range Rover in Texas

18.    Venue is proper in the Western District of Texas because most of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendants are subject to personal jurisdiction in this District.

### III.    PARTIES

19.    Plaintiff Tara Hutchison is a natural person and citizen of Texas.

20.    Defendant Jaguar Land Rover North America, LLC is, and at all times relevant has been, a Delaware limited liability company with its principal place of business in New Jersey. This Defendant may be served by and through their Registered Agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

21.    Defendant Autoliv, Inc. is a leading supplier of automotive safety systems, servicing major automobile manufacturers from 80 facilities in 29 countries. Autoliv supplied the seatbelt for Land Rover's 2020 Range Rover SV at issue in this action. Autoliv, which is incorporated in Delaware, maintains its principal executive offices in Stockholm, Sweden. Autoliv's common stock trades on the NYSE under the ticker symbol "ALV." This Defendant may be served by and through their Registered Agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

22.     Key Safety Systems, Inc. d/b/a Joyson Safety Systems ("Joyson"), is incorporated in Delaware with its principal place of business located in Auburn Hills, Michigan. Joyson is owned jointly by Joyson Group (China) and PAG Capital (Hong Kong), and the company is the result of Key Safety Systems, Inc. purchasing troubled Japanese airbag company Takata Corporation. This Defendant may be served by and through their Registered Agent, National Registered Agents, Inc., 1209 Orange St., Wilmington, Delaware 19801.

23.     Veoneer US, Inc. is a Delaware corporation with its principal place of business in Michigan. This Defendant may be served by and through their Registered Agent, Registered Agent Solutions, Inc., 838 Walker Rd., Ste. 21-2, Dover, Delaware 19904.

## IV.     FACTUAL ALLEGATIONS

### A. Plaintiff's Experience in the Range Rover

24.     On or around January 14, 2022, Plaintiff was a front seat seat-belted passenger of the Range Rover that was involved in a one-car collision in Gillespie County that occurred when the driver failed to maintain control of the vehicle. The collision course involved the Range Rover going up an embankment becoming airborne, slamming through a fence, rolling multiple times, and coming to a rest in a field.

25.     During the Range Rover's impact with the fence and subsequent rolls, the front airbags failed to deploy. The front airbags should have deployed in this wreck.

26.     The Range Rover's seat belts completely failed to lock/restrain and became unlatched, causing Plaintiff to not be restrained by the seat belt at all. As a

result, Plaintiff's head and body slammed around the inside of the vehicle upon the vehicle's impact with the embankment and the rolling.

27.     The occupant restraint system consists of multiple components, including, but not limited to the airbag system, the seat belt, the retractor, the pretensioner, the seat, and the knee bolster. The airbag system includes the front airbags, airbag control module, sensors, software, and hardware. Those systems catastrophically failed to provide any crash protection to Plaintiff and were defective.

28.     Specific components of the occupant restraint in the Range Rover are defective, including the airbag system (including sensors) and seat belt system.

29.     As a direct and proximate result of the defects noted above, Plaintiff suffered personal injuries, and conscious pain and suffering resulting in airlifting, and life altering injuries.

30.     Defendant JLRNA designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce in Texas the Range Rover that Plaintiff was a passenger in. Defendant JLRNA is liable for all the defects in the Range Rover that caused or contributed to Plaintiff's injuries.

31.     Defendant Autoliv designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce in Texas the defective seat belt and airbag system components installed in the Range Rover.

32.     Defendant Joyson designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce in Texas the defective airbag system installed in the Range Rover.

33.    Defendant Veoneer designed, tested, manufactured, marketed, distributed, sold and placed into the stream of commerce in Texas the defective airbag sensor system installed in the Range Rover.

34.    The Range Rover, which Plaintiff was a front seat passenger in, was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) JLRNA chose designs for the occupant restraint system that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries were not chosen and used by JLRNA.

35.    The Range Rover, which Plaintiff was a front seat passenger in, was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Autoliv built and sold to JLRNA designs for those parts of the occupant restraint system (including seat belt and air bag components) that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries, were not provided to and sold to JLRNA by Autoliv.

36.    The Range Rover, which Plaintiff was a front seat passenger in, was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Joyson built and sold to JLRNA designs for those parts of the occupant restraint system (including the front

airbag) that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries, were not provided to and sold to JLRNA by Joyson.

37.    The Range Rover, which Plaintiff was a front seat passenger in, was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Veoneer built and sold to JLRNA designs for those parts of the occupant restraint system (including the front airbag) that were not reasonable but were instead unreasonably dangerous, (b) the risks of those designs outweighed the utility of those designs, and (c) other alternative designs that were safer, feasible, and technologically available and would have prevented these injuries, were not provided to and sold to JLRNA by Veoneer.

38.    JLRNA was negligent in designing, building, using, and/or selling the Range Rover with the occupant restraint system which JLRNA caused to be installed in the Range Rover.

39.    Autoliv was negligent in designing, building, using, and/or selling those parts of the occupant restraint system built and sold by Autoliv.

40.    Joyson was negligent in designing, building, using, and/or selling those parts of the occupant restraint system built and sold by Joyson.

41.    Plaintiff's injuries were proximately caused by the above pled negligence of Defendants and by the above pled defective designs for which Defendants are responsible.

42.    Defendants could reasonably have foreseen and did, in fact, foresee the occurrence of frontal and roll over collisions such as the one described in this Complaint.

43.    The acts and omissions of all Defendants combined to proximately cause the injuries to Plaintiff. Accordingly, Defendants are jointly and severally liable for Plaintiff's injuries and damages.

## COUNT ONE

**(Strict Product Liability of JLRNA)**

44.    Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

45.    Defendant is strictly liable to Plaintiff under Texas Civil Practice and Remedies Code Chapter 82 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design of the occupant restraint system in the Range Rover outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to use for which it was intended. The defects in the Range Rover's occupant restraint system include, but are not limited to the following:

1)    The occupant restraint system in the Range Rover was designed and either manufactured by JLRNA or by JLRNA's suppliers according to JLRNA's specifications in such a manner that it failed to properly restrain Plaintiff in the collision and roll over in which it should have properly restrained Plaintiff sufficiently to protect her from serious injury. Those defects include but are not limited to the failure of the

front airbags to deploy, the unlatching of the passenger's seat  seat belt, and the sensors of front airbag not functioning properly.

2)  The Range Rover was not adequately tested by JLRNA to determine whether prospective owners, users, and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions and rollovers because of the design of the occupant restraint system in the Range Rover;

3)  JLRNA knew, or should have known, from the testing that was performed on the Range Rover and other vehicles with the same or similar restraint system that this system could fail to function properly in frontal collisions and/or rollovers; and

4)  JLRNA knew, or should have known, from other real world wrecks involving the Range Rover and other vehicles with the same or similar occupant restraint systems that the subject system as designed could fail to perform properly in frontal collisions or rollovers.

46.  The defects of the occupant restraint system proximately caused the injuries, damages, and losses that Plaintiff has suffered.

47.  Plaintiff actually suffered physical injuries, damages, and losses.

48.  Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT TWO

## (Negligence of JLRNA)

49.  Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

50.     Defendant JLRNA, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiff as a passenger, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

51.     At the time Defendant JLRNA manufactured, marketed, distributed, and sold the Range Rover, Defendant JLRNA could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions and/or rollovers such as the one described in this Complaint.

52.     Defendant JLRNA breached its duty to exercise reasonable care as described in the paragraphs set forth above.

53.     Plaintiff's injuries, damages, and losses were proximately caused by JLRNA's breach of its duty to exercise reasonable care.

54.     Plaintiff actually suffered physically injuries, damages, and losses as a result of JLRNA's breach of its duty.

55.     Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT THREE

**(Strict Product Liability of Autoliv)**

56.     Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

57.     Defendant Autoliv is strictly liable to Plaintiff under Texas Civil Practice and Remedies Code Chapter 82 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design of the occupant restraint

system in the Range Rover outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to use for which it was intended. The defects in the Range Rover's occupant restraint system include, but are not limited to the following:

1)      The seat belt system in the Range Rover was designed and either manufactured by Autoliv in such a manner that it becomes unlatched during frontal impact wrecks and rollovers and fails to restrain the occupants in order to protect them from serious injury in such wreck or rollover;

2)      The airbag module was also designed and manufactured in such a manner that it fails to deploy in front impact wrecks and rollovers and fails to restrain the occupants in order to protect them from serious injury in such wreck or rollover.

3)      The seatbelt system was not adequately tested by Autoliv to determine whether prospective owners, users, and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions or rollovers in foreseeable impacts because of the design of the seat belt system in the Range Rover.

4)      The airbag module was not adequately tested by Autoliv to determine whether prospective owners, users and occupants of it would be exposed to an unreasonable reisk of physical harm during frontal collisions and rollovers in foreseeable impacts because of the design of the airbag module in the Range Rover.

5)      Autoliv knew, or should have known, from the testing that was performed on these components in the Range Rover and on other seat belt

systems and airbag modules with the same or similar design that those seat belt systems and air bag modules could fail to function properly in frontal collisions and/or rollovers.

6)      Autoliv knew, or should have known, from other real world wrecks involving the components in the Range Rover and other seat belt systems and airbag modules with the same or similar design, that those seat belt systems and airbag modules as designed could fail to perform properly in frontal collisions and/or rollovers.

58.    The defects of the seat belt system and airbag module combined with other defects in the airbag system and the occupant restraint system caused the injuries, damages, and losses that Plaintiff has suffered.

59.    Plaintiff actually suffered physically injuries, damages, and losses.

60.    Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT FOUR

**(Negligence of Autoliv)**

61.    Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

62.    Defendant Autoliv, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiff as a passenger, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair the occupant restraint system so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

63.     At the time Defendant Autoliv manufactured, marketed, distributed, and sold the occupant restraint system, including the seat belt and airbag module, to Defendant JLRNA for the Range Rover, Autoliv could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions and/or rollovers such as the one described in this Complaint.

64.     Autoliv breached its duty to exercise reasonable care as described in the paragraphs set forth above.

65.     Plaintiff's injuries, damages, and losses were proximately caused by Autoliv's breach of its duty to exercise reasonable care.

66.     Plaintiff actually suffered physically injuries, damages, and losses as a result of Autoliv's breach of its duty.

67.     Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT FIVE

**(Strict Liability of Joyson)**

68.     Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

69.     Defendant Joyson is strictly liable to Plaintiff under Texas Civil Practice and Remedies Code Chapter 82 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design of the airbag system in the Range Rover outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to use for which it was intended. The defects in the Range Rover's air bag system include, but are not limited to the following:

1)    The airbag system in the Range Rover was designed and either manufactured by Joyson in such a manner that it fails to deploy in frontal impact wrecks and/or rollovers in which it should have deployed in order to protect the occupants from serious injury in such wrecks.

2)    The airbag system was not adequately tested by Joyson to determine whether prospective owners, users, and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions and/or rollovers in foreseeable impacts because of the design of the airbag system in the Range Rover.

3)    Joyson knew, or should have known, from the testing that was performed on these components in the Range Rover and on the same or similar airbag systems that those systems could fail to function properly in frontal collisions and/or rollovers.

4)    Joyson knew, or should have known, from other real-world wrecks involving the airbag system in the Range Rover and the same or similar airbag systems, that those systems as designed could fail to perform properly in frontal collisions and/or rollovers.

70.    The defects of the front airbag combined with the other defects of the occupant restraint system caused the injuries, damages, and losses that Plaintiff has suffered.

71.    Plaintiff actually suffered physically injuries, damages, and losses.

72.    Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

**COUNT SIX**

**(Negligence of Joyson)**

73.    Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

74.    Defendant Joyson, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiff as a passenger, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair the airbag system so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

75.    At the time Defendant Joyson manufactured, marketed, distributed, and sold the airbag system in the Range Rover, Joyson could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions and/or rollovers such as the one described in this Complaint.

76.    Joyson breached its duty to exercise reasonable care as described in the paragraphs set forth above.

77.    Plaintiff's injuries, damages, and losses were proximately caused by Joyson's breach of its duty to exercise reasonable care.

78.    Plaintiff actually suffered physically injuries, damages, and losses as a result of Joyson's breach of its duty.

79.    Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT SEVEN

**(Strict Liability Against Veoneer)**

80.    Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

81.    Defendant Veoneer is strictly liable to Plaintiff under Texas Civil Practice and Remedies Code Chapter 82 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design of the airbag sensor system in the Range Rover outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to use for which it was intended. The defects in the Range Rover's airbag sensor system include, but are not limited to the following:

1)    The airbag sensor system in the Range Rover was designed and either manufactured by Veoneer in such a manner that the sensors fail to deploy the front airbag in frontal impact wrecks and/or rollovers in which it should have deployed in order to protect the occupants from serious injury in such wrecks.

2)    The airbag sensor system was not adequately tested by Veoneer to determine whether prospective owners, users, and occupants of it would be exposed to an unreasonable risk of physical harm during frontal collisions and/or rollovers in foreseeable impacts because of the design of the airbag sensor system in the Range Rover.

3)    Veoneer knew, or should have known, from the testing that was performed on these air bag sensor components in the Range Rover and on the same or similar airbag sensor systems that those systems could fail to function properly in frontal collisions and/or rollovers.

4)    Veoneer knew, or should have known, from other real-world wrecks involving the airbag sensor system in the Range Rover and the same or similar airbag sensor systems, that those systems as designed could fail to perform properly in frontal collisions and/or rollovers.

82.    The defects of the airbag sensors combined with the other defects of the occupant restraint system caused the injuries, damages, and losses that Plaintiff has suffered.

83.    Plaintiff actually suffered physically injuries, damages, and losses.

84.    Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

85.

## COUNT EIGHT

## (Negligence of Veoneer)

86.    Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint as if re-alleged in full.

87.    Defendant Veoneer, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiff as a passenger, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair the airbag sensor system so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

88.    At the time Defendant Veoneer manufactured, marketed, distributed, and sold the airbag sensor system in the Range Rover, Veoneer could reasonably have foreseen and did, in fact, foresee the occurrence of frontal collisions and/or rollovers such as the one described in this Complaint.

89.    Veoneer breached its duty to exercise reasonable care as described in the paragraphs set forth above.

90.    Plaintiff's injuries, damages, and losses were proximately caused by Veoneer's breach of its duty to exercise reasonable care.

91.    Plaintiff actually suffered physically injuries, damages, and losses as a result of Veoneer's breach of its duty.

92.    Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

A. That Plaintiff have and recover all damages to which she is entitled to recover under Texas law

B. That the Court award and enter a judgment in favor of Plaintiff against Defendants, jointly and severally, in an amount to be proven at trial for Plaintiff's personal injuries, property damages, medical expenses, pre-and post-impact fright, shock and terror, mental and physical pain and suffering, and lost wages against all Defendants, as well as such other damages authorized by law, plus interest and costs;

C. Any further relief as the Court deems just and proper

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED,

DESOUZA INJURY LAWYERS
3201 CHERRY RIDGE DR., SUITE C-300
SAN ANTONIO, TEXAS 78230
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY: */S/ Jason F. DeSouza*
    JASON F. DESOUZA
    STATE BAR NO.: 24073255
    WDTX: ADMITTED
    jason@jfdlawfirm.com

BY: */S/ Nathan Z. Robinson*
    NATHAN Z. ROBINSON
    STATE BAR NO.: 24072306
    WDTX: ADMITTED
    nathan@jfdlawfirm.com

*ATTORNEYS FOR PLANTIFF*

<u>CERTIFICATE OF SERVICE</u>

This will certify that a true and correct copy of the above and foregoing instrument was duly served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on November 2, 2022 upon all parties/counsel of record VIA ECF/SERVICE/US MAIL, including:

<u>VIA US MAIL:</u>
**Jaguar Land Rover North America, LLC**
c/o Corporation Service Company
251 Little Falls Dr.
Wilmington, Delaware 19808

<u>VIA US MAIL:</u>
**Autoliv, Inc.**
c/o Corporation Service Company
251 Little Falls Dr.
Wilmington, Delaware 19808

<u>VIA US MAIL:</u>
**Key Safety Systems, Inc. d/b/a Joyson Safety Systems**
c/o National Registered Agents, Inc.
1209 Orange St.
Wilmington, Delaware 19801

<u>VIA US MAIL:</u>
**Veoneer US, Inc.**
c/o Registered Agent Solutions, Inc.
838 Walker Rd., Ste. 21-2
Dover, Delaware 19904