IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TARA HUTCHISON, individually, | § § | |
| Plaintiff, | § § | |
| | § | Civil Action No.: 1:22-cv-01123 |
| v. | § § | |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; AUTOLIV, INC.; KEY SAFETY SYSTEMS, INC. D/B/A JOYSON SAFETY SYSTEMS; and VEONEER US, INC. | § § § § § § § | |
| Defendants. | § § | |

## DEFENDANT VEONEER US, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2)

Defendant Veoneer US, LLC (f/k/a Veoneer US, Inc.) ("Veoneer US") is not subject to personal jurisdiction in Texas for Plaintiff's product liability and negligence claims.

Texas courts do not have *general* personal jurisdiction over Veoneer US because, under U.S. Supreme Court precedent, Veoneer US is not "at home" in Texas. It is a Delaware limited liability company with its principal place of business in Michigan. The exercise of general jurisdiction would be especially improper since Veoneer US does not have an appreciable presence in Texas.

Texas also lacks *specific* personal jurisdiction because Veoneer US did not develop, design, manufacture, sell, or supply the airbag restraint control system for the 2020 Land Rover Range Rover SV involved in this lawsuit and alleged to be defective. Plaintiff

1

cannot demonstrate the requisite connection among the defendant, the forum, and the litigation to justify specific jurisdiction.

Veoneer US is not properly subject to general or specific personal jurisdiction in this forum under the Due Process Clause. For these reasons, and for the reasons set forth below, Veoneer US requests the Court dismiss Plaintiff's Complaint against Veoneer US under Federal Rule of Civil Procedure 12(b)(2).

## JURISDICTIONAL FACTS

Veoneer US is a Delaware limited liability company based in Michigan. Lewallen Aff., Ex. A, ¶ 4. It does not have continuing, systematic, or substantial contacts with the State of Texas. *Id.* at ¶ 5. Veoneer US does not have any registered offices, places of business, or bank accounts in Texas. *Id.* It does not own any real estate or interest in property in the state. *Id.* It is not required to and does not maintain a registered agent for service of process in Texas. *Id.*

Moreover, Veoneer US was not part of the development, design, manufacture, supply, or sale of the airbag restraint control module, also known as a restraint control module ("RCM"), for the subject 2020 Land Rover Range Rover SV identified in Plaintiff's Complaint and alleged to be defective. *Id.* at ¶ 6.

Veoneer US simply has no connection to the State of Texas or to the allegations in Plaintiff's Complaint. The Court should dismiss Plaintiff's claims against Veoneer US for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2).

## ARGUMENT AND AUTHORITIES

**A.    Plaintiff Bears the Burden of Proof to Show the Court has Personal Jurisdiction over Veoneer US.**

When a defendant challenges jurisdiction with a Rule 12(b)(2) motion, the party seeking to invoke the power of the courts bears the burden of proving that jurisdiction exists. *Luv N'Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982)).

The law of the forum state—Texas—governs the personal jurisdiction inquiry. *Cent. Freight Lines Inc. v. APA Transp. Corp.,* 322 F.3d 376, 380 (5th Cir. 2003). Because the Texas long-arm statute extends to the bounds of due process, the only question for the Court is whether the exercise of personal jurisdiction comports with the protection of the due process clause. *Pervasive Software Inc. v. Lexware GmbH & Co. KG,* 688 F.3d 214, 220 (5th Cir. 2012).

The due process inquiry has two parts. First, the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with Texas. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The requirement of purposeful availment "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or [as a result] of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Minimum contacts can be established through a showing of either general jurisdiction or specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n.8 (1984). Second, asserting jurisdiction

over the defendant must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Plaintiff cannot demonstrate this Court's personal jurisdiction over Veoneer US in this case. In addition, asserting jurisdiction over Veoneer US would offend traditional notions of fair play and substantial justice.

**B.      Veoneer US is Not Subject to <u>General</u> Jurisdiction in Texas.**

The United States Supreme Court set a high bar for general jurisdiction. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which **the corporation is fairly regarded as at home**." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (emphasis added). In other words, the defendant's contacts must be "so continuous and systematic as to render [a foreign corporation] essentially at home in the forum State." *Id.* at 919 (quotation omitted).

For a company like Veoneer US, the place of formation and the principal place of business are "paradig[m] . . . bases for general jurisdiction." *See Bauman*, 571 U.S. at 137 (quotation omitted). It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). *See also, e.g., Helicopteros,* 466 U.S. at 416 (rejecting Texas court's general jurisdiction over defendant that purchased 80% of its

helicopter fleet from Texas, sent prospective pilots to Texas for training, and sent management and maintenance personnel to Texas for technical consultation).

Veoneer US is not "at home" in Texas because it was formed under the laws of Delaware; its principal place of business is in Michigan; and it has no continuous or systematic contacts with Texas. *See Bauman*, 571 U.S. at 137; Lewallen Aff., Ex. A, at ¶ 5. Therefore, Veoneer US is not subject to general jurisdiction in Texas.

**C.    Veoneer US is Not Subject to Specific Jurisdiction in Texas.**

Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. The key inquiry is whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A court must examine the relationship among the nonresident defendant, the forum, and the litigation itself to determine if due process requirements are satisfied. *See Burger King*, 471 U.S. at 475; *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Plaintiff provides no allegations supporting jurisdiction over Veoneer US. She alleges Veoneer US "designed and manufactured the front airbag restraint control system component [RCM]," and the RCM failed to deploy the front airbags in the subject rollover crash, causing her injuries. Plaintiff's Compl., ECF No. 1, ¶¶ 6(iii), 25, 28, 29. Plaintiff's allegations fail because Veoneer US did not develop, design, manufacture, supply, or sell the RCM for the subject vehicle. Lewallen Aff., Ex. A, ¶ 6. Because Veoneer US does not have continuous or systematic contacts in Texas and had no role in the supply of the

allegedly defective RCM, Plaintiff's remaining jurisdictional allegations fail. Plaintiff's Compl., ¶ 16; Lewallen Aff., Ex. A, ¶¶ 4-6. Veoneer US has no connection to this incident. There is simply no basis for jurisdiction.

**D.     Asserting Jurisdiction Over Veoneer US Would Offend Traditional Notions of Fair Play and Substantial Justice.**

Even if Plaintiff could somehow demonstrate minimum contacts sufficient to justify general or specific jurisdiction over Veoneer – which she cannot do – the Court must still find the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316. This Court exercising jurisdiction over Veoneer US in this case is neither fair nor just.

Veoneer US is a Delaware company with its principal place of business in Michigan. *See* Lewallen Aff., Ex. A, at ¶ 4. Veoneer US does not have an appreciable presence in Texas. *Id.* at ¶ 5. Veoneer US did not anticipate being haled into court in Texas and does not purposefully seek the protection of Texas law. *Id.* at ¶ 7. Because it would be unreasonable to require Veoneer US to defend this Texas lawsuit, the Court should dismiss Veoneer US for lack of personal jurisdiction

## CONCLUSION AND PRAYER

Veoneer US did not supply the RCM of the subject vehicle alleged to be defective. It has no meaningful contacts with Texas and is not subject to personal jurisdiction in the state. Veoneer US respectfully requests the Court grant its motion to dismiss, issue an order dismissing Plaintiff's Complaint against Veoneer US, and award Veoneer US any such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Jack E. Little, Jr.*
Jack E. Little, Jr.
State Bar No. 12420010
jack.little@wtllaw.com
Philip R. McDaniel
State Bar No. 24060249
philip.mcdaniel@wtllaw.com
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, Texas 77063
Ph. (713) 244-0800
Fax. (713) 244-0801

**ATTORNEYS FOR DEFENDANT VEONEER US, LLC (F/K/A VEONEER US, INC.)**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing was filed with the United States District Court for the Western District of Texas by electronic case filing/case management and that a copy of the same was served on all counsel of record by electronic notification on December 21, 2022.

*/s/ Jack E. Little, Jr.*
Jack E. Little, Jr.

7