**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

TARA HUTCHISON, individually,

     Plaintiff,

v.                                                                  Case No. 1:22-cv-01123

JAGUAR LAND ROVER NORTH
AMERICA, LLC; AUTOLIV, INC.; KEY
SAFETY SYSTEMS, INC. D/B/A
JOYSON SAFETY SYSTEMS; AND
VEONEER US, INC.,

     Defendants.

## DEFENDANT KEY SAFETY SYSTEMS, INC. D/B/A JOYSON SAFETY SYSTEMS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Key Safety Systems, Inc. d/b/a Joyson Safety Systems ("JSS"), by its attorneys, and for its Answer to Plaintiff's Complaint (Doc. 1), Affirmative Defenses, and Jury Demand, states as follows:

## PRELIMINARY STATEMENT

As set forth in the Complaint, Plaintiff's claims arise from an alleged January 14, 2022 motor vehicle crash. Plaintiff alleges that certain components in a 2020 Land Rover Range Rover SV are defective. Specifically, Plaintiff contends that she was seated in the front passenger seat at the time of the crash, and that the front passenger seat belt and front passenger airbag are defective and caused her injuries and other damages.

Neither JSS, nor any entity for which it is responsible, supplied the front passenger airbag or seat belt in the original production 2020 Land Rover Range Rover SV. JSS denies each and every

allegation in the Complaint to extent they are intended to assert any breach by JSS of a recognized legal duty or any liability of JSS for Plaintiff's claims or alleged damages.

## I.       INTRODUCTION

1.       In response to paragraph 1 of the Complaint, JSS admits only that Plaintiff's Complaint sets forth allegations concerning certain components in a 2020 Land Rover Range Rover SV.  JSS denies all allegations in paragraph 1 to extent they are intended to assert any breach by JSS of a recognized legal duty or any liability of JSS for Plaintiff's claims or alleged damages. Answering further, JSS denies that it supplied the front passenger seat belt or airbag.

2.       JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, therefore, those allegations are denied.

3.       JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, therefore, those allegations are denied.

4.       JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, therefore, those allegations are denied.

5.       JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, therefore, those allegations are denied.

6.       JSS denies the allegations contained in paragraph 6 of the Complaint that are directed to it, and denies that it "designed and manufactured the front airbag component."  The remaining allegations in paragraph 6 are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore, those allegations are denied.

7.       JSS denies the allegations and underlying assumptions in paragraph 7 of the Complaint that are directed to it.

8.     The allegations contained in paragraph 8 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, therefore, those allegations are denied.

9.     JSS denies the allegations contained in paragraph 9 of the Complaint.  Answering further, JSS denies that it purchased Takata Corporation, any affiliate of Takata Corporation, or any assets of Takata Corporation or its affiliates.  The purchase of certain assets and affiliates of Takata Corporation located or operating in North America by a JSS affiliate is  defined and set forth by various orders entered by the United States Bankruptcy Court for the District of Delaware, including the Plan of Reorganization of TK Holdings, Inc., confirmed by the Bankruptcy Court on February 21, 2018 ("Plan Approval Order"), Dkt. 2120, *In re TK Holdings, Inc. et al.,* Case 2017-11375.  By way of further response, on information and belief, no component of the 2020 Land Rover Range Rover SV relevant to the claims asserted in the Complaint was supplied by Takata Corporation or any affiliate thereof.

10.     The allegations contained in paragraph 10 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, therefore, those allegations are denied.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, therefore, those allegations are denied.

12.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, therefore, those allegations are denied.

## II.     VENUE AND JURISDICTION

13.     Paragraph 13 of the Complaint contains legal conclusions, which require no response. To the extent a response is required, JSS denies the allegations to the extent they are inconsistent with applicable law.

14.     Paragraph 14 of the Complaint contains legal conclusions and is not directed at JSS, therefore, no response is required. To the extent a response is required, JSS denies the allegations to the extent they are inconsistent with applicable law.

15.     Paragraph 15 of the Complaint contains legal conclusions and is not directed at JSS, therefore, no response is required. To the extent a response is required, JSS denies the allegations to the extent they are inconsistent with applicable law.

16.     Paragraph 16 of the Complaint contains legal conclusions and is not directed at JSS, therefore, no response is required. To the extent a response is required, JSS denies the allegations to the extent they are inconsistent with applicable law.

17.     Paragraph 17 of the Complaint contains legal conclusions, which require no response. To the extent a response is required, JSS denies the allegations in paragraph 17.

18.     Paragraph 18 of the Complaint contains legal conclusions, which require no response. To the extent a response is required, JSS denies the allegations to the extent they are inconsistent with applicable law.

## III.     PARTIES

19.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, therefore, those allegations are denied.

20.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, therefore, those allegations are denied.

21.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, therefore, those allegations are denied.

22.     In response to paragraph 22 of the Complaint, JSS admits only that: (1) it is a Delaware corporation with its principal place of business in Michigan, (2) that JSS' ultimate corporate parent is Joyson Auto Safety Holdings, SA, a Luxembourg corporation, which is majority owned by Ningbo Joyson Electronic Company, a corporation organized in the People's Republic of China, and (3) that JSS' registered agent in Delaware is located at 1209 Orange Street, Wilmington, Delaware.  JSS denies all remaining allegations in paragraph 22, and denies that JSS or any JSS affiliate purchased Takata Corporation.  The purchase of certain assets and affiliates of Takata Corporation located or operating in North America by a JSS affiliate is defined and set forth by various orders entered by the United States Bankruptcy Court for the District of Delaware, including the Plan of Reorganization of TK Holdings, Inc., confirmed by the Bankruptcy Court on February 21, 2018 ("Plan Approval Order"), Dkt. 2120, *In re TK Holdings, Inc. et al.,* Case 2017-11375.  By way of further response, on information and belief, no component of the 2020 Land Rover Range Rover SV relevant to the claims asserted in the Complaint was supplied by Takata Corporation or any affiliate thereof.

23.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, therefore, those allegations are denied.

## IV.     FACTUAL ALLEGATIONS

### A.     Plaintiff's Experience in the Range Rover

24.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, therefore, those allegations are denied.

25.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, therefore, those allegations are denied.

26.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, therefore, those allegations are denied.

27.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, therefore, those allegations are denied.

28.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, therefore, those allegations are denied.

29.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, therefore, those allegations are denied.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, therefore, those allegations are denied.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, therefore, those allegations are denied.

32.     JSS denies the allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 33 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 33, therefore, those allegations are denied.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, therefore, those allegations are denied.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, therefore, those allegations are denied.

36.     JSS denies the allegations in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, therefore, those allegations are denied.

38.     The allegations contained in paragraph 38 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, therefore, those allegations are denied.

39.     The allegations contained in paragraph 39 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, therefore, those allegations are denied.

40.     JSS denies the allegations in paragraph 40 of the Complaint.

41.     JSS denies the allegations in paragraph 41 of the Complaint that are directed to it. The remaining allegations contained in paragraph 41 are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of those allegations, therefore, those allegations are denied.

42.     JSS denies the allegations in paragraph 42 of the Complaint that are directed to it. The remaining allegations contained in paragraph 42 are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of those allegations, therefore, those allegations are denied.

43.     JSS denies the allegations in paragraph 43 of the Complaint.

## COUNT ONE
### (Strict Product Liability of JLRNA)

44.     JSS incorporates its responses to paragraphs 1-43 as if set forth fully herein.

45.     The allegations contained in paragraph 45 of the Complaint, including all subparts, are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, therefore, those allegations are denied.

46.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, therefore, those allegations are denied.

47.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, therefore, those allegations are denied.

48.     JSS denies the allegations in paragraph 48 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

## COUNT TWO
## (Negligence of JLRNA)

49.     JSS incorporates its responses to paragraphs 1-48 as if set forth fully herein.

50.     The allegations contained in paragraph 50 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, therefore, those allegations are denied.

51.     The allegations contained in paragraph 51 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, therefore, those allegations are denied.

52.     The allegations contained in paragraph 52 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, therefore, those allegations are denied.

53.     The allegations contained in paragraph 53 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, therefore, those allegations are denied.

54.     The allegations contained in paragraph 54 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 54, therefore, those allegations are denied.

55.     JSS denies the allegations in paragraph 55 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

### COUNT THREE
### (Strict Product Liability of Autoliv)

56.     JSS incorporates its responses to paragraphs 1-55 as if set forth fully herein.

57.     The allegations contained in paragraph 57 of the Complaint, including all subparts, are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, therefore, those allegations are denied.

58.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, therefore, those allegations are denied.

59.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, therefore, those allegations are denied.

60.     JSS denies the allegations in paragraph 60 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

### COUNT FOUR
### (Negligence of Autoliv)

61.     JSS incorporates its responses to paragraphs 1-60 as if set forth fully herein.

62.     The allegations contained in paragraph 62 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, therefore, those allegations are denied.

63.     The allegations contained in paragraph 63 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, therefore, those allegations are denied.

64.     The allegations contained in paragraph 64 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, therefore, those allegations are denied.

65.     The allegations contained in paragraph 65 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, therefore, those allegations are denied.

66.     The allegations contained in paragraph 66 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, therefore, those allegations are denied.

67.     JSS denies the allegations in paragraph 67 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

### COUNT FIVE
### ([Alleged] Strict Liability of Joyson)

68.      JSS incorporates its responses to paragraphs 1-67 as if set forth fully herein.

69.      JSS denies the allegations in paragraph 69 of the Complaint, including all subparts.

70.      JSS denies the allegations in paragraph 70 of the Complaint.

71.      JSS denies the allegations in paragraph 71 of the Complaint.

72.      JSS denies the allegations in paragraph 72 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

### COUNT SIX
### ([Alleged] Negligence of Joyson)

73.      JSS incorporates its responses to paragraphs 1-72 as if set forth fully herein.

74.      The allegations in paragraph 74 of the Complaint contain conclusion of law, which require no response.  To the extent a response is required, JSS denies the allegations in paragraph 74.

75.      JSS denies the allegations and underlying assumptions in paragraph 75 of the Complaint.

76.      JSS denies the allegations in paragraph 76 of the Complaint.

77.      JSS denies the allegations in paragraph 77 of the Complaint.

78.      JSS denies the allegations in paragraph 78 of the Complaint.

79.     JSS denies the allegations in paragraph 79 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

## COUNT SEVEN
### (Strict Liability Against Venoeer)

80.     JSS incorporates its responses to paragraphs 1-79 as if set forth fully herein.

81.     The allegations contained in paragraph 81 of the Complaint, including all subparts, are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, therefore, those allegations are denied.

82.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, therefore, those allegations are denied.

83.     JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, therefore, those allegations are denied.

84.     JSS denies the allegations in paragraph 84 of the Complaint.

85.     *The Complaint does not contain any allegations in paragraph 85.  No response necessary.*

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

## COUNT EIGHT
### (Negligence of Veoneer)

86.     JSS incorporates its responses to paragraphs 1-85 as if set forth fully herein.

87.     The allegations contained in paragraph 87 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, therefore, those allegations are denied.

88.     The allegations contained in paragraph 88 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, therefore, those allegations are denied.

89.     The allegations contained in paragraph 89 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, therefore, those allegations are denied.

90.     The allegations contained in paragraph 90 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, therefore, those allegations are denied.

91.     The allegations contained in paragraph 91 of the Complaint are not directed at JSS, therefore, no response is required.  To the extent a response is required, JSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, therefore, those allegations are denied.

92.     JSS denies the allegations in paragraph 92 of the Complaint.

WHEREFORE, JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, and award any other such relief the Court deems necessary and just.

## AFFIRMATIVE AND OTHER DEFENSES

93.     Pleading further, alternatively, and by way of affirmative defense, JSS states Plaintiff's Complaint, and all Counts thereof, fails to state a claim against JSS upon which relief can be granted and, therefore, should be dismissed.

94.     Pleading further, alternatively, and by way of affirmative defense, JSS states that neither JSS, nor any entity for which it is responsible, supplied the front passenger airbag or seat belt in the original production 2020 Land Rover Range Rover SV.

95.     Pleading further, alternatively, and by way of affirmative defense, JSS states this Court lacks jurisdiction over JSS and/or Plaintiff's claims against JSS.

96.     Pleading further, alternatively, and by way of affirmative defense, JSS states the subject vehicle and its components described in the Complaint were not defective or unreasonably dangerous in any manner, nor did they cause Plaintiff's alleged damages.

97.     Pleading further, alternatively, and by way of affirmative defense, JSS states that to the extent Plaintiff has failed to mitigate the damages requested in the Complaint, any such damages should be reduced by any failure to mitigate.

98.     Pleading further, alternatively, and by way of affirmative defense, JSS sates the subject vehicle and/or its components may have been subsequently and substantially altered from its original condition may have undergone unforeseeable substantial change and/or modification subsequent to the time it left the control and possession of JSS, and the same is raised as a complete

defense to some or all of Plaintiff's claims for damages. Therefore, Plaintiff is not entitled to recovery against JSS in this action.

99.     Pleading further, alternatively, and by way of affirmative defense, JSS says that on information and belief, prior to and at the time of the alleged damages, the subject product was being misused, abused, and not used in the manner and for the purpose for which it was intended to be used. Such unintended, unreasonable and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to the injuries and damages complained of by Plaintiff, if any there were.

100.     Pleading further, alternatively, and by way of affirmative defense, Plaintiff's recovery may be barred by the failure to maintain the subject vehicle and its components in a manner reasonably related to the condition in which the product was sold.

101.     Pleading further, alternatively, and by way of affirmative defense, Plaintiffs' claims are barred, in whole or in part, from recovery due to spoliation of evidence.

102.     Pleading further, alternatively, and by way of affirmative defense, JSS would show the Court that the subject crash and any alleged resulting injuries or damages were the result of negligent acts and/or omissions of others and/or third parties beyond JSS's control whose acts or omissions were a proximate cause, producing cause, sole proximate cause, or sole producing cause of the accident in question and any alleged resulting injuries or damages. TEX. CIV. PRAC. & REM. CODE §§ 33.001 *et. seq.* In the unlikely event any liability is found on the part of JSS, such liability should be reduced by the percentage of causation found to have resulted from the acts or omissions of others and/or third parties.

103.     Pleading further, alternatively, and by way of affirmative defense, JSS pleads its entitlement to have the jury consider the percentage of fault of all claimants, responsible third

parties, and settling persons as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq.* If Plaintiff were injured and damaged as alleged, which is specifically denied, then any recovery Plaintiff may have against JSS for such injuries must be proportionately reduced in accordance with the fault of Plaintiff or of third persons or parties over whose conduct JSS had no control, consistent with the principles of comparative fault in force in this jurisdiction.  JSS may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party is greater than fifty-percent (50%). TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq.*

104.    Pleading further, alternatively, and by way of affirmative defense, JSS asserts the limitation of damages recoverable as provided by applicable portions of the Texas Business and Commerce Code (including, but not limited to, sections 2.316 and 2.719); the Texas Civil Practice and Remedies Code (including but not limited to Chapters 32, 33 and 38); the exclusion of implied warranties as provided by applicable portions of the Texas Business and Commerce Code (including, but not limited to, section 2.316); and any other applicable statute or rule of law, and any other applicable affirmative defenses contained in the Texas Business and Commerce Code and the Texas Civil Practice and Remedies Code.

105.    Pleading further, alternatively, and by way of affirmative defense, the subject vehicle complied with Federal Motor Vehicle Safety Standards and other applicable federal requirements as they relate to the alleged defects asserted in this case. Accordingly, JSS pleads Plaintiff's claims may be barred in whole or in part by the doctrine of federal preemption.

106.    Pleading further, alternatively, and by way of affirmative defense, JSS pleads it is entitled to a presumption against liability, pursuant to Texas Civil Practice and Remedies Code

section 82.008(a), for any injuries allegedly caused by the subject vehicle's design, manufacture, and marketing, because the subject vehicle's component parts at issue in this litigation complied with applicable Federal Motor Vehicle Safety Standards at the time of its manufacture.

107.    Pleading further, alternatively, and by way of affirmative defense, JSS states in the unlikely event that an adverse judgment would be rendered against it, JSS is entitled to all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

108.    Pleading further, alternatively, and by way of affirmative defense, JSS contends that any claims for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code section 41.0105.

109.    JSS states that, pursuant to section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

110.    Pleading further, alternatively, and by way of affirmative defense, to the extent that Plaintiff's allegations are interpreted as a claim for exemplary or punitive damages, JSS asserts any applicable statutory damage limitation of any sort, including punitive, non-economic or exemplary damages, under the laws of Texas. See TEX. CIV. PRAC. & REM. CODE § 41.008.

111.    Pleading further, alternatively, and by way of affirmative defense, to the extent that Plaintiff's allegations are interpreted as a claim for exemplary or punitive damages,  JSS pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would

constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies equal protection of the laws under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments. JSS pleads that any claim by Plaintiff for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above. JSS further pleads that Plaintiff's claims for punitive damages should be stricken in the absence of Plaintiff making some prima facie showing supporting such claims.

112.    Pleading further, alternatively, and by way of affirmative defense, to the extent that Plaintiff's allegations are interpreted as a claim for exemplary or punitive damages, JSS would show that the imposition of punitive damages sought by Plaintiff violates JSS's rights to due course of law and equal protection under Article 1, sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

    a.  Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of

punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

b.  JSS had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject JSS to punitive damages or as to the potential amount of such an award.

c.  Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d.  Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e.  No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive damage award.

f.  Texas law and the Texas punitive damage scheme do not provide for adequate posttrial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

g.  Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and section 22.225 of the Texas Government Code.

h.  In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

i.  Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times JSS could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

113.  JSS hereby gives notice that it intends to rely upon such other defenses or denials as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

## DEMAND FOR JURY TRIAL

JSS demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, JSS denies that Plaintiff is entitled to recover from JSS any of the relief requested in the Complaint, including the damages listed in the prayer at the conclusion of the

Complaint. JSS respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, enter judgment of no cause for action in its favor, award JSS its costs, and award any other such relief the Court deems necessary and just.  JSS denies any remaining allegations in Plaintiff's Prayer for Relief.

Dated: December 22, 2022                    Respectfully submitted,

                                            **DYKEMA GOSSETT PLLC**

                                            By:  */s/ Daniela Gonzales Aldape*
                                            Daniela Gonzales Aldape
                                            State Bar No.: 24036651
                                            DAldape@dykema.com
                                            112 E. Pecan St., Suite 1800
                                            San Antonio, TX  78205
                                            T: 210-554-5253

                                            *Attorneys for Defendant Key Safety Systems, Inc.*
                                            *d/b/a Joyson Safety Systems*

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on December 22, 2022, I served counsel for all parties of record by electronically filing the foregoing document with the Clerk of Court using the CM/ECF system in accordance with the Federal Rules of Civil Procedure.

<em>/s/  Daniela Gonzales Aldape</em>