IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TARA HUTCHISON, individually, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO.: 1:22-CV-01123 |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; AUTOLIV, INC.; KEY SAFETY SYSTEMS, INC. D/B/A JOYSON SAFETY SYSTEMS; and VEONEER US, INC, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ORIGINAL ANSWER, STATEMENT OF AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND**

Jaguar Land Rover North America, LLC ("JLRNA"), by and through its attorneys, submits its Original Answer, Statement of Affirmative Defenses, and Reliance on Jury Demand:

**Original Answer**

JLRNA responds to the allegations of Plaintiff's Complaint as follows:

*I.   Introduction*

1-5.   JLRNA admits that Plaintiff has asserted allegations regarding a 2020 Land Rover Range Rover vehicle but denies as untrue all allegations contained in paragraphs 1 through 5 to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable for the claims asserted by Plaintiff.  JLRNA denies that Plaintiff was wearing her seatbelt.  JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 1 through 5 and therefore denies them.

1

6. JLRNA admits that it is in the business of promoting and selling the subject vehicle in the United States but denies that it designed or manufactured the subject vehicle. The remaining allegations are not directed at JLRNA and, therefore, no response is required

7. JLRNA denies as untrue all allegations in this paragraph to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable for the claims asserted by Plaintiff.

8-10. JLRNA admits that voluntary recalls have been issued for various Land Rover vehicle models but denies as untrue all allegations contained in paragraphs 8 through 10 to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable for the claims asserted by Plaintiff. To the extent a response is required, JLRNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 8 through 10 and therefore denies them.

11. These allegations are not directed at JLRNA and, therefore, no response is required.

12. JLRNA denies that Plaintiff was wearing her seatbelt. JLRNA denies as untrue all other allegations contained in this paragraph to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable for the claims asserted by Plaintiff. JLRNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

## II.   Venue

13-14. JLRNA admits that it is the United States distributor of the subject vehicle. JLRNA states that the remaining allegations contained in paragraphs 13 and 14 are legal conclusions to which no response is necessary.

15-18. The allegations in paragraphs 15-18 are not directed at JLRNA and, therefore, no response is required. JLRNA states that the remaining allegations contained in these paragraphs are legal conclusions to which no response is necessary.

### III.    Parties

19-23. JLRNA admits that it is a limited liability company, organized under the laws of Delaware, and that JLRNA's principal place of business is located in New Jersey. The remaining allegations in paragraphs 19-23 are not directed at JLRNA and no response is therefore required, or they are legal conclusions to which no response is necessary.

### IV.    Factual Allegations

24-30. JLRNA admits that it is in the business of promoting and selling the subject vehicle in the United States but denies that it is in the business of designing, testing, or manufacturing motor vehicles and did not design, test, or manufacture the subject vehicle. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff. JLRNA denies as untrue all allegations contained in paragraphs 24 through 30 to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable for the claims asserted by Plaintiff. JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 24 through 30, and therefore denies them, or they are legal conclusions to which no response is necessary.

31-32. The allegations in paragraphs 31-32 are not directed at JLRNA and, therefore, no response is required. To the extent a response is required, JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations against the other

defendants and therefore denies them. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff.

33-43. JLRNA admits that it is in the business of promoting and selling the subject vehicle in the United States but denies that it is in the business of designing, testing, or manufacturing motor vehicles and did not design, test, or manufacture the subject vehicle or choose the designs for it. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff. JLRNA denies as untrue all allegations contained in paragraphs 33 through 43 to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable for the claims asserted by Plaintiff. JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 33 through 43, and therefore denies them or they are not directed at JLRNA and, therefore, no response is required.

*Causes of Action Against JLRNA*

44-55. JLRNA admits that it is in the business of promoting and selling the subject vehicle in the United States but denies that it is in the business of designing, testing, or manufacturing motor vehicles and did not design, test, or manufacture the subject vehicle. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff. JLRNA denies as untrue all allegations contained in paragraphs 44 through 55 to the extent they can be read to allege a defect in the design, manufacture, or marketing of the subject vehicle or that JLRNA is liable, under any theory or duty, for the claims asserted by Plaintiff. JLRNA denies all the remaining allegations in paragraphs 44 to 55.

*Causes of Action Against Autoliv*

56-67.   The allegations in paragraphs 56 through 67 are not directed at JLRNA and, therefore, no response is required.  To the extent a response is required, JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations against another defendant and therefore denies them. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff.

*Causes of Action Against Joyson*

68-79.   The allegations in paragraphs 68 through 79 are not directed at JLRNA and, therefore, no response is required.  To the extent a response is required, JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations against another defendant and therefore denies them. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff.

*Causes of Action Against Veoneer*

80-92.   The allegations in paragraphs 80 through 92 are not directed at JLRNA and, therefore, no response is required.  [Paragraph 85 in Plaintiff's Original Complaint is blank and therefore no response is necessary.] To the extent a response is required, JLRNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations against another defendant and therefore denies them. JLRNA specifically denies that the subject vehicle was defective or that it caused in whole or in part the alleged injuries and damages to Plaintiff.

*Prayer for Relief*

JLRNA denies that Plaintiff is entitled to the relief sought in her prayer.

*Jury Trial Demand*

JLRNA relies on Plaintiff's request for a trial by jury.

WHEREFORE, Defendant JLRNA prays that Plaintiff take nothing by this suit, that JLRNA have judgment for its costs in this proceeding, and that the Court grant JLRNA such other and further relief as the Court may deem just and proper.

### **Statement of Defenses and Affirmative Defenses**

JLRNA relies upon so many of the following defenses and affirmative defenses as may be applicable at trial:

1. For further answer, if such be necessary, JLRNA alleges that Plaintiff's Complaint, and all Counts thereof, fails to state a claim against JLRNA upon which relief can be granted and, therefore, should be dismissed.

2. For further answer, if such be necessary, JLRNA alleges that the subject vehicle and its components described in the Complaint were not defective or unreasonably dangerous in any manner, nor did they cause Plaintiff's alleged damages.

3. For further answer, if such be necessary, JLRNA alleges that the subject vehicle and/or its components may have been subsequently and substantially altered from its original condition may have undergone unforeseeable substantial change and/or modification subsequent to the time it left the control and possession of JLRNA, and the same is raised as a complete defense to some or all of Plaintiff's claims for damages. Therefore, Plaintiff is not entitled to recovery against JLRNA in this action.

4. For further answer, if such be necessary, JLRNA alleges that prior to and at the time of the alleged damages, the subject vehicle was being misused, abused, and not used in the manner and for the purpose for which it was intended to be used.  Such unintended, unreasonable and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to the injuries and damages complained of by Plaintiff.

5. For further answer, if such be necessary, JLRNA alleges that any claim by Plaintiff that the subject vehicle should have been recalled is barred by the doctrine of federal preemption.

6. For further answer, if such be necessary, JLRNA alleges that, as a non-manufacturing seller, it is not liable for any alleged harm to Plaintiff pursuant to Chapter 82 of the Texas Civil Practices and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 82.003.

7. For further answer, if such be necessary, JLRNA alleges that Plaintiff's proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiff must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. JLRNA requests that the jury be instructed on all statutorily required elements of a "design defect" case.

8. For further answer, if such be necessary, JLRNA asserts that the subject vehicle met or exceeded all applicable government standards that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm, including those set forth in Federal Motor Vehicle Safety Standards. As such, JLRNA is entitled to a presumption under TEX. CIV. PRAC. & REM. CODE § 82.008 that it is not liable for Plaintiff's claims.

9. For further answer, if such be necessary, JLRNA alleges that the negligence, fault, and/or responsibility of Plaintiff bars in whole or in part her claim for damages. JLRNA alleges that Plaintiff failed to wear her seatbelt. The Official Accident Report for the crash indicates that Plaintiff was not wearing her seatbelt and cited her for the offense. Such negligence, fault, and/or responsibility on the part of Plaintiff was either the sole, or at a minimum a concurring, cause of her injuries. JLRNA is entitled to have Plaintiff's percentage of responsibility determined by the jury. TEX. CIV. PRAC. & REM. CODE § 33.003.

10.     For further answer, if such be necessary, JLRNA alleges that Lauren Marie Chandler is a "responsible third party" as that term is defined and used in Sections 33.003 and 33.011 of the Texas Civil Practices & Remedies Code.  Chandler was driving the vehicle when, according to Plaintiff's Original Complaint, she "failed to maintain control of the vehicle."  This failure to control the vehicle, according to Plaintiff's Complaint, caused the vehicle to go "up an embankment, becoming airborne, slamming through a fence, rolling multiple times, and coming to rest in a field."  The Official Accident Report notes that the driver was "intoxicated" and was traveling at an unsafe speed—both contributing to causing the accident.  Such negligence, fault, and/or responsibility on the part of Chandler was either the sole, or at a minimum a concurring, cause of the accident and Plaintiff's injuries.  JLRNA is entitled to have Chandler's percentage of responsibility for the accident and Plaintiff's damages determined by the jury.  TEX. CIV. PRAC. & REM. CODE § 33.003.

11.     For further answer, if such be necessary, JLRNA alleges that Plaintiff's claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, to the extent Plaintiff has not utilized the most cost-efficient sources of medical care for past and future health care expenses, and to the extent that she has failed to secure the most favorable insurance coverage for past and future health care expenses reasonably available to her.

12.     For further answer, if such be necessary, JLRNA requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the plaintiff, each settling person and each responsible third party who has been designated under § 33.004, TEX. CIV. PRAC. & REM. CODE.

13. For further answer, if such be necessary, JLRNA requests that in the event at the time of submission plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

14. For further answer, if such be necessary, JLRNA alleges that Plaintiff's recovery of medical or health care expenses incurred be limited to the amount actually paid or incurred by or on behalf of the Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

15. For further answer, if such be necessary, JLRNA alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.

16. For further answer, if such be necessary, JLRNA alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, JLRNA may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of JLRNA, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

17. For further answer, if such be necessary, JLRNA gives notice that it intends to rely upon such other defenses or denials as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

## Prayer

WHEREFORE, Defendant Jaguar Land Rover North America, LLC prays that Plaintiff take nothing by this suit, that JLRNA have judgment for its costs in this proceeding, and that the Court grant JLRNA such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.
2801 Via Fortuna, Suite 300
Austin, Texas 78746
(512) 708-8200
(512) 708-8777 (fax)

By: */s/ John W. Chambless II*
John W. Chambless II (Attorney-in-Charge)
State Bar No. 00796334
E-Mail: jchambless@thompsoncoe.com
Elizabeth Z. Brabb
State Bar No. 24091351
E-Mail: ebrabb@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
JAGUAR LAND ROVER NORTH AMERICA, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th of January, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ John W. Chambless II*
John W. Chambless II